IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                    No. 4:05CV01705 WRW

ROGER B. BALLARD; PATRICIA
BALLARD, his wife; SIMMONS
FIRST NATIONAL BANK; FIRST
SELECT, INC.; CITIZENS STATE
BANK; WHITE COUNTY MEDICAL
CENTER; JAMES SNYDER and
DONNA DUNLAP; STATE OF
ARKANSAS, Commissoner of
Revenues; WHITE COUNTY,
ARKANSAS, COLLECTOR; and
THOMAS AUTO SALES, INC.

## JUDGMENT

Upon the application of the plaintiff, United States of America, U.S. Department of Agriculture, Rural Development, for default judgment against Defendants, Roger Ballard and Patricia Ballard, Credigy Services Corp. on behalf of First Select, Inc., White County Medical Center, Tenants- James Snyder and Donna Snyder, and Thomas Auto Sales, Inc., together with affidavit showing that Roger Ballard and Patricia Ballard are not infants or incompetent persons and are not in the military service of the United States and it appearing to the Court that said defendants, after having been properly served, have not answered, appeared herein or otherwise made any defense to the plaintiff's complaint, and the remaining defendants, Simmons First National Bank, State of Arkansas, Commissioner of Revenues, and White County Collector, having consented to judgment as herein provided, it is hereby ORDERED, DECREED and ADJUDGED:

1.   The Court has jurisdiction over the parties and over the subject matter of this cause of action.

2.   Defendants, Roger B. Ballard and Patricia Ballard, are in default on their obligation to plaintiff and are indebted to the United States of America, U.S. Department of Agriculture, Rural Development, in the principal sum of $39,740.80, interest in the sum of $7,762.37 accrued through September 21, 2005, and thereafter at the daily rate of $11.91, to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, advances and recoverable charges in the sum of $1,249.94, plus any additional advances and recoverable charges made during the pendency of this action for taxes, protection and maintenance of the subject property, and the costs of this action. Plaintiff, United States of America, U.S. Department of Agriculture, Rural Development, is hereby awarded judgment *in rem* against the property described herein for the above mentioned sums. No personal judgment having been requested, none is rendered.

3.   The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Rural Development, is secured by a mortgage recorded in the records of the Circuit Clerk and Recorder for White County, Arkansas, on November 20, 1985, in Book 312 at page 521. Plaintiff's mortgage constitutes a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of all of the defendants herein, and each of them, and all person claiming by and through them, in and to the following described property in White County, Arkansas:

Lot Twenty-Nine (29) of Beavers Subdivision of the City of Searcy, Arkansas, as recorded in Plat Cabinet A at Page 67 of the White County Records. [Property address: 122 N. Sawmill Rd., Searcy, AR]

together with all improvements and appurtenances thereon.

4. The defendant Simmons First National Bank has a judgment against Roger B. Ballard in the Circuit Court of White County, Arkansas, on November 1, 2001, in Cause No. CIV 2001-440. Said judgment is subordinate and inferior to the plaintiff's mortgage.

5. The defendant, Citizens State Bank of Bald Knob, Arkansas, filed an answer stating its mortgage was transferred and assigned to Ricky Thomas, the owner of Thomas Auto Sales on October 6, 2004. The defendant, Citizens State Bank of Bald Knob, Arkansas, was dismissed as a defendant.

6. The defendant, White County Collector, White County, Arkansas, has a tax lien for the years 2003 and 2004 on personal property in the amount of $372.71. Said tax lien is subordinate and inferior to the plaintiff's mortgage.

7. The defendant, State of Arkansas, Department of Finance & Administration, has a Certificate of Indebtedness dated October 8, 2004, in the amount of $351.31, filed in White County, Arkansas, for a returned check on auto sales tax. Said Certificate of Indebtedness is subordinate and inferior to the plaintiff's mortgage.

8. If the above-described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 30 days, at the East door of the White County Courthouse, Searcy, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, the purchase price shall be secured by one of the following methods at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of

10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 30 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. Section 2002, and shall forthwith report the result of the sale to the Court.

9. Upon the sale of the above-described real property, all right, title, claim, interest, estate, equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all of the defendants herein, and each of them, and all persons claiming by or through them, in and to said property and every part thereof, shall from that date be foreclosed and forever barred.

10. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

11. The sale proceeds, after expenses of sale, shall be paid first to the plaintiff United States of America, U.S. Department of Agriculture, Rural Development, to the extent of the indebtedness owed to it and any surplus shall be retained in the registry of the Court subject to further orders of the Court.

12. The court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED: 5/30/2006

_____
UNITED STATES DISTRICT JUDGE

Approved By:

_____
Fletcher Jackson
Assistant U.S. Attorney
P. O. Box 1229
Little Rock, AR 72203

_____
Mark S. Ferguson
Revenue Legal Counsel
P.O. Box 1272
Little Rock, AR 72203

_____
Phyllis M. Hendrix
Deputy Prosecuting Attorney
411 North Spruce Street
Searcy, AR 72143

_____
Mark Binns
Attorney at Law
P.O. Box 760
Star City, AR 71667